**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| |
|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, |
|     **Plaintiff,** |
|       v. |
| GLOBAL EQUIPMENT RENTAL, LLC     AND MARIO NOLASCO ORDONEZ     **Defendants.** |

Case No. 1:26-cv-01390

**DEFENDANT MARIO NOLASCO ORDONEZ'S REPLY BRIEF IN SUPPORT OF MOTION TO PARTIALLY DISMISS, OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW, Defendant Mario Nolasco Ordonez ("Mr. Ordonez"), through undersigned counsel, and submits the following brief in reply to Plaintiff's Brief in Opposition to Mr. Ordonez's Motion to Partially Dismiss, or in the alternative, Motion for Partial Summary Judgment.

**INTRODUCTION**

The present Reply will begin by addressing (I) that the Velasquez Affidavit is an integral document, as Plaintiff's claims necessarily depend on the contents set forth within the Velasquez Affidavit and (II) thus is properly incorporated into the Motion to Dismiss to explain why Plaintiff's allegations fail to state a claim for breach of contract. Following this, the Reply will address (III) Plaintiff's allegations concerning Mr. Ordonez's assent to the Master Agreement via

1

language contained in the Second Schedule, as well as (IV) Plaintiff's argument regarding the Affidavit's incorporation under Federal Rule 56.

       **I.**       **The Velasquez Affidavit is an Integral Document to the Complaint Which is Properly Attached the Motion to Dismiss.**

In its opposition, Plaintiff contends that the Velasquez Affidavit only "contradict[s] [Plaintiff's] Verified Complaint and original financing documents" and denies that the Affidavit forms the basis of the claims set forth within the Complaint. Plaintiff's Opp. Mot. p. 9. Plaintiff argues that the Velasquez Affidavit is legally insufficient as it lacks personal knowledge of Ordonez's intent and understanding in allegedly entering into the Master Agreement, Schedules, and Guaranty. *Id*. In support of this argument, Plaintiff fixates on the statement within the affidavit that "[Mr. Ordonez] never intended the intent of our agreement that he assume responsibility for any equipment other than the truck." Velasquez Affidavit ¶ 6.

The Affidavit contains personal knowledge of Heber Velasquez, who, in his capacity as the owner and only authorized representative of Global Equipment Rental LLC, attests to the fact Mr. Ordonez was not involved in approving, authorizing or consenting to being the personal guarantor of any of the Agreements between Global Equipment and Plaintiff aside from the Second Schedule. Velasquez Affidavit ¶ 8. While Mr. Velasquez may not have personal knowledge of Mr. Ordonez's intent, the Affidavit clearly states that Mr. Ordonez was not aware of his signature being improperly used to guarantee Master Agreements and Schedules. As such, the Velasquez Affidavit is integral to Mr. Ordonez's Motion to Dismiss as the Plaintiff's claims of breach of contract turn on the authenticity of the signature evidencing Mr. Ordonez's assent to the Master Agreement, Schedules, and Guaranty. *See generally* Complaint.

2

II.    **The Motion to Dismiss Clearly Articulates that Plaintiff's Allegations Fail to State a Claim for Breach of Contract.**

Plaintiff claims that "[Mr. Ordonez's] Motion [to Dismiss] does not explain why First Citizens' allegations fail to state a claim. Plaintiff's Opp. Mot. p. 8. Rather, Mr. Ordonez's Motion clearly articulates how Plaintiff fails to state a claim against Mr. Ordonez based upon the Valasquez Affidavit.  As set forth in greater detail within the Motion itself, Valasquez, as owner of GER, makes statements within the Affidavit against his own interest while affirming that the Master Agreement and Schedules were not signed by Mr. Ordonez. The necessary foundation of the claims set forth against Mr. Ordonez by Plaintiff rely entirely on the fact Mr. Ordonez signed in the capacity as guarantor for said documents. *See* Complaint ¶¶ 7, 11, 22, 27, 35, 37. Thus, the Motion to Dismiss provides sufficient specificity to identify how Plaintiff's Count II fails to state a claim for breach of the guaranty agreements.

III.    **Plaintiff's Use of Case Law Surrounding Contractual Interpretation and Ambiguity is Improper to Establish Mr. Ordonez's Assent.**

In further support of Mr. Ordonez's Motion to Dismiss, Plaintiff claims that the purported signatures of Mr. Ordonez within the Master Agreement, Guaranty, and Schedules are "clear and unequivocal" and said documents are without any contractual ambiguity, and thus Mr. Ordonez's obligations as guarantor are established. Plaintiff's Opp. Mot. p. 11. The Velasquez Affidavit, instead, is evidence that Mr. Ordonez did not assent to the agreements (aside from the Second Schedule) as the signatures were not his own making, thus any obligations unenforceable to him. *Hertz Corp. v. Zurich Am. Ins. Co.*, 496 F. Supp. 2d 668, 676 (2007) (citing *Snyder—Falkinham v. Stockburger, 457* S.E.2d 36, 39 (Va. 1995) ("The base-line requirement for finding the existence of a contract … is showing of mutual assent at the time of the agreement").

Plaintiff argues that the Velasquez Affidavit is a "self-serving opinion" and thus may not be used to contradict the supposedly clear obligations that Mr. Ordonez assented to as guarantor. Rather, the Velasquez Affidavit is significantly probative to show the lack of assent on Mr. Ordonez's behalf, as it is not an affidavit of Mr. Ordonez but rather the only other defendant in this matter. The statements set forth in the Velasquez Affidavit clearly state that Mr. Ordonez did not affix his signature on the Master Agreement, Guaranty and Schedules (except Schedule Two). While these statements are unfavorable to Plaintiff's construction of Mr. Ordonez's alleged obligations and breach as guarantor, they are unattributable to him and thus cannot be "self-serving".

**IV.     The Velasquez Affidavit Is Properly Incorporated under Fed. R. Civ. P. 56(c)(4).**

Finally, Plaintiff decries the fact that Mr. Ordonez did not submit any attestation himself as to his own intent but rather uses the sworn statements of the responsible defendant. Plaintiff's Opp. Mot. p. 13. Plaintiff requests that Mr. Ordonez submit an affidavit to state his lack of intent in entering into the Master Agreement, Guaranty, and Schedules in controversy of which he had no personal knowledge of and would contain the denial of authenticity of the signatures already set forth in the Motion. Notably, Plaintiff's Opposition separately raised concerns about the alleged "self-serving opinions" that were contained within the Velasquez Affidavit, thus indicating any such affidavit by Mr. Ordonez would be met with further scrutiny. Plaintiff's Opp. Mot. p. 11. Moreover, and finally, Mr. Ordonez reserves the right to submit his own affidavit prior to the scheduled hearing on August 13, 2026.

4

**CONCLUSION**

For the foregoing reasons, Mr. Ordonez's Motion to Partially Dismiss the Complaint must be granted, or alternatively, Mr. Ordonez's Motion for Partial Summary Judgment must be granted.

Respectfully submitted,

MARIO NOLASCO ORDONEZ

 /s/Heba K. Carter_____

Heba K. Carter, Esq. (VA Bar# 87564)
PJI Law, PLC
3900 Jermantown Rd.,
2nd Floor
Fairfax, VA 22030
Tel: (703) 865-6100
Hcarter@pjilaw.com
*Counsel for Defendant Mario Nolasco Ordonez*

5

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent to all counsel of record via

CM/ECF on this 20th day of July 2026.

_/s/Heba K. Carter_____

Heba K. Carter, Esq.

6